### REFUNDERS FOR DOW TAXES.

Common Pleas Court of Licking County.

CHARLES A. STOLTZ ET AL v. C. L. V. HOLTZ, TREASURER
OF LICKING COUNTY.

Decided, April Term, 1911.

*Taxation—Procedure where Liquor Dealer Retires from Business—And Asks for a Refunder for Dow Tax Paid—No Notice Required of Entering of his Name on the Duplicate—Pleading—Section 6074.*

In an action against a county treasurer for recovery of a balance claimed to be due to one who has retired from the business of trafficking in intoxicating liquors before the expiration of the year for which he had paid the Dow tax, an allegation of the mere filing of an affidavit with the county auditor, setting forth that on a certain day the affiant did cease to do business and retired therefrom, does not meet the requirement of the statute that the auditor must be "satisfied" that the business has in fact been abandoned before he issues a refunding order.

*Jones & Jones,* for plaintiffs.

*Phil. B. Smythe,* Prosecuting Attorney, and *Norpell, Norpel & Martin,* contra.

SEWARD, J. (orally).

This case is submitted to the court upon a demurrer to the petition. The petition alleges that the plaintiffs are residents of Licking county, Ohio, and were at the time of the bringing of this suit; that under Section 6071 of the General Code, it is provided that all dealers in intoxicating liquors shall pay a tax of one thousand dollars; that under Section 6085, it is the duty of the dairy and food commissioner to investigate and determine whether persons were violating the laws of Ohio in relation to the sale of intoxicating liquors, and if it is determined that they are, to certify that fact to the state auditor, whose duty it is to make known the facts to the auditor of the county, whose duty it is to place them on the tax duplicate and put an

assessment against them in the sum of one thousand dollars; that the dairy and food commissioner did make this investigation, and ascertained and determined that the plaintiffs in this case were engaged in the sale of intoxicating liquors in this county, and certified that fact to the state auditor and the auditor of the state notified the auditor of the county, and the auditor of the county placed them on the tax duplicate and ordered the treasurer to proceed to collect. It is further alleged that the treasurer proceeded to collect the amount assessed against the plaintiffs in this case; that plaintiff declined to pay, and the treasurer distrained and put him out of his place of business and locked it up; that plaintiff was compelled to, and did in order to release his property, pay to the treasurer the sum of $1,190.11; that on July 10th thereafter plaintiff ceased doing business; that he made that fact known to the treasurer and auditor of the county, by filing an affidavit with the auditor of the county, and demanded a return of a portion of the amount so paid—three hundred and eighty-five dollars and some cents; that the auditor refused to issue to him an order for the payment of that sum.

Plaintiff also claims that these proceedings were without his knowledge or having any chance to be heard in the matter, and in violation of the Constitution of the United States and the Constitution of Ohio; that a federal question is raised in the matter. He seeks to recover the sum of three hundred and eighty-five dollars and some cents.

It has been held by the Supreme Court, in cases analogous to this case, that no notice is necessary to be given to the defendant or to the plaintiff in this kind of a case—a person engaged in the sale of intoxicating liquors; and the only question that the court is going to pass upon in this case is the question as to whether he was entitled to demand at the hands of the auditor a certificate for the return of a portion of the money. The allegation of the petition is:

"This plaintiff further says that on said day last mentioned he filed with the auditor of said county an affidavit showing that

on the 10th day of July, 1910, he ceased doing business in intoxicating or other malt liquors and demanded from said auditor an order on the said defendant, Holtz, to repay to him the amount of said tax not earned up to said 10th day of July, 1910, which said demand the said auditor refused to accede to.''

Now, was the filing of the affidavit with the auditor sufficient to entitle him to demand a return of the amount that he claims? The court thinks not, under the section of the statute governing in that case. The auditor might not have believed what was in the affidavit.

The section which governs is Section 6074:

''.When a person, company, corporation or co-partnership, engaged in such business, has been assessed and has paid the full amount of such assessment and afterward discontinues such business, the county auditor, upon being satisfied thereof, shall issue to such person, corporation or co-partnership a refunding order,'' etc.

There is no allegation that the auditor was satisfied that he had ceased doing business. It is not the filing of the affidavit that satisfies the auditor. He is not required to be satisfied upon the mere filing of an affidavit, but he must be satisfied that the plaintiff had ceased doing business at the time alleged in the petition.

The court thinks this demurrer is well taken, and it may be sustained.